Von Arx v. Wemple.

Where an order to limit creditors is taken under section 59 of the Orphans' Court act, the personal representative, in order to prevent the issuing of execution against him, must make application under section 91 before execution issues. If such application is not made before execution issues, the execution will not be stayed.

On rule to show cause.

Argued at November Term, 1882, before Justice VAN SYCKEL.

For the plaintiff, *R. E. Chetwood.*

For the defendants, *Alward & Parrot.*

The opinion of the court was delivered by

VAN SYCKEL, J. The testator died January 28th, 1879; his will was admitted to probate February 8th, 1879. An order to limit creditors was taken February 8th, 1879, under section 59 of the Orphans' Court act. *Rev., p.* 764.

On the 1st day of November, 1879, the plaintiff commenced her action against the defendants in this court, and recovered judgment December 13th, 1879, for $1206.59. Execution thereupon issued, and levy was made December 17th, 1879, upon the personal estate of the decedent.

A motion to set aside this execution and levy was refused at February Term, 1881, the executors up to that time having taken no step to protect the estate, save the taking out of the

said rule to limit creditors.   *Von Arx* v. *Wemple's Ex'rs*, 14 *Vroom* 154.

Since that decision was rendered, the executors, on the 6th of October, 1882, took proceedings to declare the estate insolvent under section 91 of the Orphans' Court act, (*Rev., p.* 772,) and on the 13th day of December, 1882, by the decree of the Orphans' Court of the county of Union, the estate was declared to be insolvent.

Motion to set aside or stay the execution is now renewed.

In the case cited, the several sections of the Orphans' Court act relating to this subject were construed, but as no application had at that time been made under section 91, the question was left undecided whether, where notice is given under said section, the creditor is under the same disability to issue execution as if proceedings had been originally taken under section 82.

Section 82 is a proceeding to declare the estate insolvent, and by section 88, if at the time of making application under section 82, (that is, at the time of application to declare the estate insolvent,) or afterwards, an action be brought against the personal representative, it may proceed to judgment, but no execution shall issue.

Section 91 authorizes the court to decree the estate to be insolvent where the executor or administrator has taken the order under section 59 without an application under section 82, provided notice is given with the report of claims that an application will be made for such decree; but there is nothing in this section which expressly authorizes a stay of execution under such proceedings.  As was said in 14 *Vroom*, it will be manifestly against the policy of the provisions of the Orphans' Court act concerning insolvent estates, to permit execution to go where notice of the application has been given to declare the estate insolvent under section 91, before execution is issued.   Such practice would render section 91 practically useless, as the executor would be driven to proceed anew under section 82, and would be deprived of time to ascertain the condition of the estate.

The purposes of the act will be effectuated by a different construction. Where a rule to limit creditors has been taken under section 59, the ninety-first section is, in effect, substituted for the eighty-second section, and proceedings under it will have the same effect as if taken under section 82. Under this interpretation, section 88 will be applicable to such proceedings taken under section 91, that is to say, if at the time of making the application under section 91 an action be pending, or after making such application an action be instituted, it may proceed to judgment, but no execution shall issue after making such application under section 91. If an execution issues before proceedings taken under section 82, it will not be stayed by the terms of section 88; the disability cannot be greater under section 91. It is a liberal interpretation which gives as full an effect to the application under section 91 as to that under section 82, and furnishes ample protection to the representative. All that he need do to prevent the issuing of execution, where he has taken an order under section 59, is to make application under section 91 before execution issues.

The motion of the defendants must be denied.